# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1149V
(not to be published)

| | |
|---|---|
| JULIE PARRISH,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 2, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Anthony James Bucher*, Gatlin Voelker, PLLC, Covington, KY, for Petitioner.

*Nancy Tinch*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

      On April 2, 2021, Julie Parrish filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration, a defined Table injury, after receiving an influenza vaccine administered on October 21, 2019. Petition at 1, ¶¶ 2, 24. On February 21, 2023, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 37.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 20, 2023 (ECF No. 40), requesting an award of $21,538.07 (representing $21,136.07 in fees and $402.00 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that she incurred out-of-pocket expenses in the amount of $77.00. *Id.* at 1. Respondent reacted to the motion on April 27, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 41. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A. <u>Hourly Rates</u>

Petitioner is requesting the following rates for attorney Anthony Butcher: $569.68 per hour for 2021; $592.47 per hour for 2022; and $616.16 per hour for 2023. For attorney Barbara Bonar, Petitioner requests $569.68 per hour for 2021, and $616.16 per hour for 2023. ECF No 40-1 at 1 - 4. Mr. Bucher has submitted hourly rates based on the "the "Rubin Committee rates," an attorneys' fees rubric used frequently in the Cincinnati area, to determine local rates for Ms. Bonar and himself. In past matters, both Mr. Bucher and Ms. Bonar have voluntarily reduced their overall fee totals by 18.3 percent to keep rates in line with the OSM Attorney's Fees Schedule. However, in this matter the rates under Rubin were used without additional reductions, and far exceed what even the most experienced Program attorneys would be awarded.

For 2021, Mr. Bucher has previously been awarded $411.00 per hour. *See Callaghan v. Sec'y of Health & Human Servs.,* 19-1032V, 2022 WL 1863920, (Fed. Cl. Spec. Mstr May 5, 2022). I shall adopt that rate herein. I also find the reduced rates of $435 per hour for 2022, and $460 per hour for 2023 to be in line with Mr. Bucher's overall vaccine program and legal experience. Ms. Bonar has had several previous cases in the Vaccine Program, but her last hourly rate was established in 2020, in which she was awarded $436 per hour. *See Johnson v. Sec'y of Health & Human Servs.,* 16-1449V, 2021 WL 4737466 (Fed. Cl. Spec. Mstr. Aug. 13, 2021). Based on this rate I shall reduce the rates for Ms. Bonar to $465 for 2021, $485 for 2022, and $500 per hour for 2023. Application of all rate reductions result in a total reduction of fees in the amount of **$5,584.97**.[3]

In future cases, counsel must take care in requesting new billable rates. Counsel continues to use the Rubin method, causing delays in awarding decision for attorney fees due to continuous adjustments to hourly rates being made. If counsel does not proceed with using the Office of Special Masters Attorney Hourly Rate Schedule to determine their hourly rates, larger reductions (or outright denials of future requests) in Attorney Fees may occur.[4]

---

[3] This amount is calculated as follows: ($569.68 - $465 = $104.68 x 2 hrs = $209.36) + ($616.16 - $500 = $116.16 x 1.30 hrs = $151.08) + ($569.68 - $411 = $158.68 x 23.15 hrs = $3,673.44) + ($592.47 - $435 = $157.47 x 3.90 hrs = $614.13) + ($616.16 - $460 = $156.16 x 6 hrs = $936.96) = $5,584.97.

[4] Mr. Butcher and Ms. Bonar have been warned change their billing practice using the Rubin method. This is the fifth Motion for Attorneys Fees that the Rubin hourly rates were used in calculating fee totals rather than what has been awarded by the Court.

### B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Records show over two hours of billing entries that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. Examples of these entries include (but are not limited to):

- April 1, 2021 (3.50 hrs) "Finalize Petition and medical records for filing";
- September 24, 2021 (0.80 hrs) "Receive/Review and File Certified Medical Records"; and
- November 24, 2021 (0.20 hrs) "Review and File Exhibits 17 – 19."

ECF No. 40-1 at 1 – 2.

For tasks that are considered more paralegal in nature, I will reduce the hourly rates to time to the rate of $172 per hour for time billed in 2021. This reduces the request for attorney's fees in the amount of **$1,529.60**.[5]

### ATTORNEY COSTS

Petitioner requests $402.00 in costs associated with the Court's filing fee. ECF No. 40 at 1. I find these costs to be reasonable and shall award them in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs.

---

[5] This amount is calculated as follows: $411 - $172 = $239 x 6.40hrs = $1,529.60.

**Accordingly, Petitioner is awarded the total amount of $14,500.50[6] as follows:**

- **A lump sum of $14,423.50, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Anthony J. Bucher; and**

- **A lump sum of $77.00, representing reimbursement for petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.